## SUPREME COURT.

PALMER, assignee, agt. SMEDLEY, and four other causes.

The defendant, in his answer, set up as a defence to an action on his promissory note, that the note was given upon a representation that the Antioch College (the note being given for a scholarship in said college), would be located in Western New-York, and that the directors had decided on such location, which the defendant believed to be true, when it was in fact not true, nor was such college established in Western New-York. That the note was obtained in consequence of such false representations, and, therefore, there was a failure of consideration.

*Held*, on demurrer, no defence at all.

*New-York Special Term, October,* 1859.

INGRAHAM, Justice. The plaintiff sued upon a note given to the Antioch College for a scholarship.

The answer sets up as a defence that the note was given upon a representation that the college would be located in Western New-York, and that the directors had decided on such location, which the defendant believed to be true, when it was in fact not true, nor was such college established in Western New-York.

That the note was obtained in consequence of such false representations, and that there has been thereby a failure of consideration.

I do not see in this answer any statement of facts which can be said to be a defence.

It is not good, if intended as a defence, that the note was obtained by false representations, because it does not charge that the representations were made with the fraudulent intent to deceive the defendant, nor any knowledge of their falsity at the time they were made.

Nor can it be held sufficient as setting up a counter-claim by way of damages for a breach of warranty, as suggested by the defendant's counsel.

If such a defence could be made to a note given for such a consideration, then it could only be available by setting up the agreement as made by the corporation or by their direct authority, averring the breach of the contract, and alleging damage sustained by the defendant in consequence thereof.

No such claim is set up in the answer, no breach of the contract is properly set out, and no damage is claimed to have arisen therefrom.

Under this view of the answer demurred to, I am forced to the conclusion that it contains no defence, and forms no issue on which the parties can go to trial.

The plaintiff is entitled to judgment on the demurrer in each case.